**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| JOHN MARK SPEIR, | ) | |
| | ) | |
| Petitioner, | ) | 2:26-CV-00006-DCLC-CRW |
| | ) | 2:19-CR-00133-JRG-CRW-6 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner John Mark Speir, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1; Crim. Doc. 408].[1] The United States responded in opposition, arguing that the motion is untimely and, in any event, fails on the merits [Doc. 4]. Speir did not file a reply, and the time to do so has passed. For the reasons below, the motion is **DENIED** as untimely.

## I. BACKGROUND

Speir pleaded guilty to conspiring to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Crim. Doc. 299, ¶ 1]. In March 2022, the Court sentenced him to 120 months' imprisonment, the statutory mandatory minimum [Crim. Doc. 361]. Speir did not appeal. He was returned to state custody to complete his state sentence [Crim. Doc. 363], and in May 2023, he was transferred to the custody of the Federal Bureau of Prisons ("BOP") [Doc. 4-1].

On December 29, 2025, Speir mailed this § 2255 motion [Doc. 1 at 13]. Liberally construed, the motion asserts that his counsel was ineffective because counsel did not file motions

---

[1]Citations to "Doc." refer to the docket in this civil action, No. 2:26-cv-00006. Citations to "Crim. Doc." refer to the docket in the underlying criminal case, *United States v. Speir*, No. 2:19-cr-00133-JRG-CRW-6.

on his behalf, did not bring him back before the Court within two weeks of sentencing so that he could appeal, and left Speir's legal paperwork with him without discussing the outcome of sentencing [*Id.* at 4–6]. Speir also asserts that, at sentencing, the Court told him it could reopen his case and resentence him "under different guide lines" if he got "back in front of" the Court [*Id.* at 8]. He asks to be resentenced [*Id.* at 13].

Speir himself acknowledges that the one-year statute of limitations has expired. He explains that he expected to go directly to the BOP after sentencing but was instead returned to state custody for eighteen months, during which COVID-19 lockdowns left him without access to his attorney, a law library, or "any federal law help" [*Id.* at 10, 12]. He also states that he only recently learned that he could file a § 2255 motion [*Id.* at 8].

The Court ordered the United States to respond to the motion and advised Speir that, if he wished to reply, he "SHALL do so within 30 days of the date of the filing of the United States' response" [Doc. 3]. The United States filed its response on February 18, 2026, arguing that the motion was untimely and that Speir is not entitled to equitable tolling [Doc. 4 at 3–4]. Speir's reply was therefore due by March 20, 2026. He did not file one.

## II. ANALYSIS

### A. The Motion Is Untimely

A one-year period of limitation applies to motions under § 2255. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

When a defendant does not appeal, his judgment of conviction becomes final when the time for filing a direct appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). A criminal defendant must file a notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). The Court entered judgment on March 15, 2022 [Crim. Doc. 361], so Speir's conviction became final on April 15, 2022, and the one-year limitation period under § 2255(f)(1) expired on April 15, 2023. Speir's motion is deemed filed on December 29, 2025, the date he placed it in the prison mailing system. *See* Rule 3(d), Rules Governing Section 2255 Proceedings; *Houston v. Lack*, 487 U.S. 266, 276 (1988). The motion was therefore more than two and a half years late under § 2255(f)(1).

None of the other provisions of § 2255(f) applies. Speir does not identify any governmental action, in violation of the Constitution or federal law, that prevented him from filing. 28 U.S.C. § 2255(f)(2). He does not rely on a right newly recognized by the Supreme Court. *Id.* § 2255(f)(3). And the facts underlying his claims—his counsel's conduct and the statements he attributes to the Court—were known to him at the time of sentencing in March 2022. *Id.* § 2255(f)(4). The fact that Speir only recently learned he could file a § 2255 motion does not reflect the discovery of a new fact; it simply reflects a lack of legal knowledge, which does not restart the limitation period.

### B. Speir Is Not Entitled to Equitable Tolling

The limitation period in § 2255(f) is not jurisdictional and is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). But courts apply equitable tolling "sparingly." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The petitioner bears the burden of

establishing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). Speir has not carried that burden.

First, Speir's return to state custody did not prevent him from filing a timely motion. Nothing about Speir's state custody barred him from filing.

Second, Speir's general assertions that he lacked access to his attorney, a law library, and other legal resources do not amount to extraordinary circumstances. A petitioner's pro se status and lack of knowledge of the law do not justify equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *Allen*, 366 F.3d at 403. Speir does not explain how the COVID-19 lockdowns or his limited access to legal materials prevented him from completing and mailing the standard form motion he eventually filed.

Third, Speir has not shown that he pursued his rights diligently. Even if the conditions of his state custody hampered his ability to file, those conditions ended in May 2023, when he was transferred to the BOP [Doc. 4-1]. Speir then waited more than two and a half years to file this motion. He offers no explanation for that delay.

Finally, Speir does not claim that he is actually innocent of the offense to which he pleaded guilty, so he cannot invoke the actual-innocence exception to the statute of limitations.

Because Speir's motion is untimely and he has not shown that he is entitled to equitable tolling, the Court need not reach the merits of his claims. And because the motion and the record show that Speir is not entitled to relief, no evidentiary hearing is necessary. 28 U.S.C. § 2255(b).

## III. CERTIFICATE OF APPEALABILITY

Speir may not appeal this decision unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate may issue only if he "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court denies a motion on procedural grounds, the petitioner must show "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not debate the Court's conclusion that Speir's motion is untimely and that he is not entitled to equitable tolling. Accordingly, a certificate of appealability will not issue.

## IV. CONCLUSION

For the reasons stated, Speir's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1; Crim. Doc. 408] is **DENIED** as untimely, and this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Leave to proceed in forma pauperis on any appeal is therefore **DENIED**. A separate judgment shall enter.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge